```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,
                                                              MEMORANDUM & ORDER
            - against -                                       14-CR-00357 (PKC)

ALISTER KING,

                        Defendant.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On March 17, 2017, Defendant Alister King ("King") filed a letter requesting that this Court seal or expunge the record of his conviction entered in the above-captioned criminal action on November 19, 2014. (Dkt. 31.) Regrettably, for the reasons set forth below, the Court must deny King's request for lack of subject matter jurisdiction.

## BACKGROUND

According to the criminal complaint in this action, on or about March 24, 2014, King arrived at John F. Kennedy Airport in Queens, New York, aboard Caribbean Airlines from Port of Spain, Trinidad. (Compl., Dkt. 1, ¶ 1.) King was selected for a Customs and Border Protection examination. (*Id.* ¶ 2.) King was subjected to a pat-down search, which revealed three packages of white powdery substance in King's groin area. (*Id.* ¶¶ 3-5.) By indictment dated June 20, 2014, the Government charged King with one count of importation of cocaine under 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1), and 21 U.S.C. § 960(b)(3), and one count of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). (Dkt. 12 ¶¶ 1-2.) King pleaded guilty to the importation count on August 21, 2014, and the possession count was dismissed. (Dkts. 20 & 28.) On November 19, 2014, the Court sentenced King to time served and three years of supervised release based on his guilty plea to importation of cocaine. (Dkt. 29.) The

above-captioned criminal action was terminated on November 19, 2014. (*See* Dkt.) King's term of supervised release is scheduled to expire on November 19, 2017.

On March 17, 2017, King filed a letter asking this Court to seal or expunge the record of his conviction. (Dkt. 31.) King states that, although his conviction was supposed to result in a three-year probationary period, the conviction "seems like . . . a life sentence" because, due to his criminal record, he has been unable to obtain employment to support himself and his family. (*Id.*) In support of his request, King has submitted documentation of his efforts to obtain relevant vocational training and to gain employment in various capacities. (*Id.*)

## DISCUSSION

Federal district courts have subject matter jurisdiction only where the Constitution or federal statute provides it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). That jurisdiction is expanded, to a limited degree, by the doctrine of ancillary jurisdiction, which extends a federal court's jurisdiction to "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378; *accord Doe*, 833 F.3d at 197.

In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress. *Doe*, 833 F.3d at 197.[1] Here, King does not point to any such exception that would authorize the Court to consider his request to seal or expunge the record of his conviction based on the equitable grounds he asserts in his letter. (*See* Dkt. 31.)[2] The Court is likewise aware of none. *Accord, e.g.*,

---

[1] Those limited exceptions include, for example, 18 U.S.C. § 3607(c), which authorizes a federal district court to enter a judgment of expungement upon the application of certain drug offenders who were less than twenty-one years old at the time of the offense. *Doe*, 833 F.3d at 197 (citing 18 U.S.C. § 3607(c)).

[2] King was thirty-six years old at the time of his arrest. (Dkt. 27 at 3.)

*Lucky v. United States*, No. 15-MC-1979, 2016 WL 525474, at *2 (E.D.N.Y. Feb. 8, 2016) ("At this time, no constitutional provision or federal statute grants federal courts the power to expunge a criminal conviction on equitable grounds.").

As for the Court's ancillary jurisdiction, the Second Circuit recently confirmed in *Doe v. United States* that a federal district court's ancillary jurisdiction under *Kokkonen* does not extend to petitions to seal or expunge a criminal conviction on equitable grounds. *Doe*, 833 F.3d at 198-99 (vacating district court's order expunging record of criminal conviction on equitable grounds, and remanding with instructions to dismiss the proceeding for lack of jurisdiction). The Second Circuit's decision in *Doe* mandates dismissal of King's request.

Before closing, the Court emphasizes that its dismissal of King's petition is not based in any way on its merits. King's submission to the court (Dkt. 31) demonstrates the admirable progress that King has made in the years since his conviction to minimize the risk of recidivism and put his life on a positive trajectory. The Court notes that many States, including the State of New York, have established employment protections for individuals, such as King, who are qualified to participate in the lawful economy and deserve to be considered for employment irrespective of their criminal histories. *See* N.Y. Corr. Law, Art. 23-A, §§ 750-755 (prohibiting certain employers from, *inter alia*, inquiring about a job applicant's criminal history on an initial application). Going even further, New York City recently passed a law prohibiting potential employers from inquiring about or considering a job applicant's criminal record before making a conditional offer of employment. *See* N.Y.C. Human Rights Law ("NYCHRL") § 8-107(10).[3]

---

[3] NYCHRL § 8-107(10)(a) provides that:

It shall be an unlawful discriminatory practice for any employer, employment agency or agent thereof to deny employment to any person or take adverse action against any employee by reason of such person or employee having been convicted of one or more criminal offenses, or by reason of a finding of a lack of "good moral

Moreover, as the Second Circuit observed in *Doe*, Congress has provided an expungement procedure in other contexts, and "[i]t might consider doing so again for certain offenders who . . . want and deserve to have their criminal convictions expunged after a period of successful rehabilitation." 833 F.3d at 199-200. Until that time, however, the Court unfortunately does not have the power to consider King's petition.

## CONCLUSION

For the reasons stated above, King's motion to expunge or seal his criminal record is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

/s/ *Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: September 28, 2017
       Brooklyn, New York

---

character" which is based on such person or employee having been convicted of one or more criminal offenses, when such denial or adverse action is in violation of the provisions of article twenty-three-a of the correction law.

NYCHRL § 8-107(10)(a). Law enforcement agencies, however, are exempt from this provision. NYCHRL § 8-107(10)(b) ("For purposes of this subdivision, 'employment' shall not include membership in any law enforcement agency.").